UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

IRVING BROWN,

                Plaintiff,                **MEMORANDUM**
                                        **AND ORDER**
    -against-                         09-CV-0234 (BMC)

NEW YORK STATE SUPREME COURT
FOR THE SECOND JUDICIAL DISTRICT;
ASTORIA FEDERAL SAVINGS & LOAN
ASSOCIATION,

                Defendants.
——————————————————————X

**COGAN, District Judge:**

      Plaintiff, a Canadian citizen and a resident of England, proceeding *pro se*, files this complaint against the New York Supreme Court for the Second Judicial District ("New York Supreme Court") in which he litigated a claim against the second defendant, Astoria Federal Savings and Loan ("Astoria"), a bank which formerly held a certificate of deposit for him. Plaintiff has paid the statutory filing fee to commence this action. As set forth below, plaintiff is directed to show cause within thirty days why this action should not be dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

      Plaintiff's claim is two-fold. First, he alleges that the New York Supreme Court's policy requiring *pro se* litigants to pay court fees with a bank draft instead of a check violates his constitutional rights: "The nub of plaintiff's claim against [New York Supreme Court] is that [it] will not accept personal cheques from pro se litigants in payment of court fees thus forcing the latter to incur additional expense in obtaining bankers drafts for the purpose." Complaint at 6.

1

Second, he alleges that Astoria failed to abide by the terms of the $30,000 certificate of deposit purchased from Astoria on December 17, 2003 and scheduled to mature on December 17, 2004. Plaintiff alleges that despite his notice on November 29, 2004 to release the funds, Astoria failed to do so until January 5, 2005. Reliant upon the release of the funds and its deposit in his English bank account, plaintiff bounced checks and incurred costs.

It appears that the root of plaintiff's complaint is that he is dissatisfied with the course of his litigation in the Supreme Court and is hopeful for a better result in federal court against Astoria. Complaint at 3. Plaintiff's prior action in New York Supreme Court against Astoria was dismissed because plaintiff failed to appear for a conference and the dismissal was affirmed by the appellate court. Complaint at 5. The damages he seeks herein all arise from the claim against Astoria with the exception of $150 dollars he seeks from New York Supreme Court for the additional costs he incurred in obtaining bank drafts to pay the court's fees.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630, 122 S.Ct. 1781 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when there is "diversity of citizenship"and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500,

514, 126 S.Ct. 1235 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id., see also Fed. R. Civ. P. 12(h)(3).

Moreover, even if a plaintiff has paid the filing fee, a district court may dismiss the case *sua sponte* if it determines that the action is frivolous. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law ..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

### A. *Claims against New York Supreme Court*

To the extent plaintiff seeks to raise constitutional questions against New York Supreme Court, the claim is frivolous because a dispositive defense clearly exists on the face of the complaint. Livingston, 141 F.3d at 473. The New York State Supreme Court has Eleventh Amendment immunity from suit.

The Eleventh Amendment of the United States Constitution states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has . . . been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns." State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (quoting Western Mohegan Tribe & Nation v. Orange Cty., 395 F.3d 18, 20 (2d Cir.2004)).

3

Plaintiff's action against the New York State Supreme Court cannot proceed because as a state agency it is immune from suit for damages pursuant to the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984) (noting agencies and departments of the state are entitled to assert Eleventh Amendment immunity); Madden v. Vermont Supreme Court, 8 Fed.Appx. 128, 129, 2001 WL 533604 (2d Cir. May 17, 2001) (affirming dismissal of *pro se* plaintiff's claim against the state Supreme Court as barred by the Eleventh Amendment) (citations omitted); see also Saint-Fleur v. City of New York, No. 99 Civ. 10433, 2000 WL 280328, at *2 (S.D.N.Y. Mar. 14, 2000) ("State courts, as arms of the State, are entitled to Eleventh Amendment immunity from suit in federal court."). Accordingly, plaintiff's complaint against the New York Supreme Court is foreclosed by absolute immunity and is dismissed. See Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting Neitzke v. Williams, 490 U.S. 319, 325, 198 S.Ct. 1827 (1989)).

### B. *Claim against Astoria Bank*

Plaintiff alleges that he brings his claim against Astoria under the Court's diversity jurisdiction. While the parties reside in different jurisdictions, plaintiff in England and defendants in New York, plaintiff has not alleged that he exceeds the $75,000 amount in controversy requirement.

The amount in controversy must be non-speculative in order to satisfy the statute. See Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir. 1996) (stating party invoking diversity jurisdiction has the burden of proving that the claim meets jurisdictional amount); Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 785 (2d Cir. 1994) (holding subject matter jurisdiction does not exist when plaintiff could not

recover amount required for diversity jurisdiction); Brown v. Bodak, 188 F. Supp. 532, 534 (S.D.N.Y. 1960) (stating purpose of jurisdictional amount would be largely negated if plaintiff could satisfy it by alleging an excess in damages). However, "before determining that the amount in controversy requirement has not been met, 'the court must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of [$75,000] is reasonably possible.'" Chase Manhattan Bank, 93 F.3d at 1070 (quoting A.F.A. Tours, Inc. v. Whitchurch, 937 F.2d 82, 88 (2d Cir. 1991)) (other internal quotations omitted).

Plaintiff includes in his complaint a schedule of losses that total approximately one thousand five hundred pounds, sixty dollars, as well as some undetermined damages for (1) an expansion of time for access to funds on foreign checks at his English bank (2) discomfort for a three-month winter period caused by residing in a single-glazed home since he could not pay the contractor to double glaze his home; and (3) loss of use of his vehicle for the unspecified period during which plaintiff was unable to pay insurance, servicing and taxes associated with operation of the vehicle. Complaint at 3-5. Regardless of the exchange rate employed, the actual losses itemized by plaintiff are certainly below the $75,000 jurisdictional threshold. The other amounts which plaintiff seeks are purely speculative. The Court finds that even with the benefit of liberal construction, plaintiff has not provided a basis for satisfying the amount in controversy and therefore has not alleged a basis for the exercise of the Court's diversity jurisdiction over his claim against Astoria. Nor has he alleged a basis for this court's federal question jurisdiction over his claim against Astoria.

Thus, for the reasons stated above, this Court, in exercising its independent obligation to determine whether subject-matter jurisdiction exists, Arbaugh, 546 U.S. at 514, finds no basis for the exercise of its subject-matter jurisdiction within the four corners of the complaint,

notwithstanding its liberal reading of the pleadings. However, plaintiff is afforded thirty days to file an affidavit showing cause why the action should not be dismissed for lack of subject-matter jurisdiction. Chase Manhattan Bank, 93 F.3d at 1070.

## Conclusion

Accordingly, the complaint is dismissed as to New York Supreme Court pursuant to Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). Plaintiff is directed to show cause why the action should not be dismissed for lack of subject-matter jurisdiction, setting forth the good faith basis for recovery of an excess of $75,000. All further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order.

If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
February 17, 2009