UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ APR 1 7 2009 ★

BROOKLYN OFFICE

——————————————————————X

IRVING BROWN,

                 Plaintiff,

    -against-

NEW YORK STATE SUPREME COURT
FOR THE SECOND JUDICIAL DISTRICT;
ASTORIA FEDERAL SAVINGS & LOAN
ASSOCIATION,

                 Defendants.

——————————————————————X

**MEMORANDUM
AND ORDER**
09-CV-0234 (BMC)

Plaintiff, a Canadian citizen and a resident of England, proceeding *pro se*, filed this complaint against the New York State Supreme Court for the Second Judicial District ("New York Supreme Court") in which he litigated a claim against the second defendant, Astoria Federal Savings and Loan ("Astoria"), a bank which formerly held a certificate of deposit for him. By Order dated February 17, 2009, the complaint as to New York Supreme Court was dismissed on the basis of Eleventh Amendment immunity, and plaintiff was directed to show cause within thirty (30) days why the action against the remaining defendant, Astoria, should not be dismissed for lack of subject-matter jurisdiction. Specifically, plaintiff was directed to set forth the good faith basis for recovery of an excess of $75,000. Plaintiff submitted a response to the Order to Show Cause on March 17, 2009.

### A. *Claims against the New York Supreme Court*

Plaintiff's claims against this defendant were dismissed in the Court's February 17, 2009 Order because the New York Supreme Court enjoys Eleventh Amendment immunity from suit. Despite plaintiff's protestations in his response to the Order to Show Cause that he should be

1

permitted to proceed against the New York Supreme Court, and his assertion that he would consider foregoing his claims for monetary relief and pursue only declaratory relief, both declaratory relief and monetary damages against the New York Supreme Court are barred by the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01, 104 S.Ct. 900 (1984) (holding that the Eleventh Amendment deprives the federal courts of subject matter jurisdiction over any action asserted by an individual against a state regardless of the nature of the relief sought).

Further, although plaintiff was not directed to name additional parties, and he has neither filed an amended complaint nor set forth any claims against the Chief Clerk of the New York Supreme Court, the Court has construed plaintiff's submission broadly and notes that plaintiff has stated he may wish to bring the Chief Clerk of the New York Supreme Court into these proceedings as a third defendant "if the administrative procedure which the Chief Clerk seeks to administer is unconstitutional." However, court clerks and employees, when performing judicial functions, have absolute quasi-judicial immunity from damages for civil rights violations. See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir.1997) (citing Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433-34 n. 8, 113 S.Ct. 2167 (1993)). Thus, even if plaintiff could somehow fashion a claim against this defendant, the action would not proceed against him. Thus, for the reasons stated herein and in the Court's previous order, the action against the New York Supreme Court is dismissed.

### B. *Claims Against Astoria*

In the Order to Show Cause, the Court directed plaintiff to provide a good faith basis for recovery of an excess of $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332. At this stage in the proceedings, plaintiff must make only a *prima facie* showing of diversity

jurisdiction; the Court must "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). The Court cannot dismiss the complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that plaintiff will not be able to satisfy the amount in controversy requirement. E.g., Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999).

In his complaint, plaintiff has alleged that he purchased a $30,000 CD from Astoria in December 2003; the terms of the CD provided that it had a maturity date of December 17, 2004 and would automatically roll over for another year unless plaintiff gave Astoria contrary instructions. According to plaintiff, he wrote a letter to the bank on November 29, 2004 asking that the CD not be reinvested because he "required the funds represented by the CD to fulfill various financial commitments." Plaintiff claims that because he believed Astoria would follow his instructions, he attempted to transfer the proceeds of the CD to his English bank and wrote several checks out of the English account to meet his financial obligations. However, because Astoria allegedly did not act on plaintiff's letter and redeem the CD as instructed, the proceeds were unavailable for transfer, and all of the checks drawn out of the English account bounced.

Both plaintiff's complaint and his response to the Order to Show Cause make clear that plaintiff is seeking actual and consequential damages from Astoria's allegedly negligent conduct. While plaintiff's alleged actual damages amount to roughly £1,500 and $60,[1] he has contended that his alleged consequential damages are to be determined by a jury, and he "honestly believes" that the jury's award will be over the $75,000 amount-in-controversy requirement.[2] At this

---

[1] Plaintiff's complaint has alleged a portion of his damages in British Pounds and another portion in U.S. Dollars.

[2] Plaintiff's response to the Order to Show Cause details his belief that he will be able to recover a jury award in excess of the jurisdictional threshold.

preliminary stage, the Court cannot say to a legal certainty that plaintiff will not be able to achieve such a recovery, and thus the Court will not *sua sponte* dismiss plaintiff's claim against Astoria for lack of subject matter jurisdiction. See Pisani v. Diener, No. 07-CV-5118, 2009 WL 749893, at *4 (E.D.N.Y. Mar. 17, 2009) (noting that plaintiff's good faith demand for recovery on the face of the complaint determines whether plaintiff can meet the amount-in-controversy requirement in the absence of a challenge by defendant).

## CONCLUSION

Accordingly, the Court declines to vacate its Order dismissing plaintiff's action against the New York Supreme Court; this claim remains dismissed. The Court refers plaintiff's claim against Astoria to United States Magistrate Judge Lois Bloom for further proceedings.

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
      April 17, 2009