PHILIP J. O'REILLY
JAMES G. MARSH
KAREN P. CORTESELLI
RICHARD P. KIRBY
ARTHUR T. WALSH

Premotion conference is waived. This letter is deemed to constitute defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Defendant is directed to serve and file a notice pursuant to Local Rule 12.1 by 12/24/09. Plaintiff must respond to this motion by 1/14/10 or this action will be dismissed. *Clerk of Court is directed to mail a copy of endorsed order to Plaintiff pro se*

December 22, 2009

**Via ECF Filing**

SO ORDERED: 12/23/09

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    **Brown v. New York State Supreme Court, *et al.*
        Civ. A. No. 09-CV-0234**

Dear Judge Cogan:

We represent defendant Astoria Federal Savings and Loan Association ("Astoria") in the above referenced matter.

By Order of this Court dated November 12, 2009 (Docket #19), the Plaintiff *pro se* was given until December 7, 2009 to file proof of proper service one final time. The Order further provided that failure of the Plaintiff to make such filing would result in dismissal of this action.

According to our review of the Docket Sheet, as of today, proof of proper service has not been filed.

In the event the Court has not deem the case already dismissed, we write to request: (a) a pre-motion conference be scheduled to address a motion that Defendant Astoria wishes to make seeking to dismiss the cause of action, pursuant to Fed. R. Civ. P. 12(b)(6); and (b) Astoria's time to respond to the Complaint be extended until one week after the Court issues an order with respect to whether Astoria may be required to file a motion to dismiss.

## I.    <u>The Potential Motion to Dismiss</u>

Plaintiff commenced this action by filing the Complaint, dated January 14, 2009, in the Eastern District Court of New York. Service of process was not made upon Astoria in a timely fashion and despite the Order of the Court dated November 12, 2009 (Docket #19), proof of filing was not made by December 7, 2009. The Complaint purports to assert claims against Astoria alleging that Astoria failed to abide by the terms of a $30,000 Certificate of Deposit ("CD") purchased by Plaintiff from Astoria on December 17, 2003 and scheduled to mature on December 17, 2004. Plaintiff alleges that despite his notice on November 29, 2004 to release his funds, Astoria failed to do so until January 5, 2005.

Astoria seeks a motion to dismiss Plaintiff's cause of action based on this Court lacking jurisdiction as established by the Rooker-Feldman Doctrine. The Rooker-Feldman Doctrine provides that a federal district court lacks jurisdiction to review a final judgment of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Only the United States Supreme Court has jurisdiction to review final judgments of a state court. *Id.*

There are four requirements for a party to properly invoke the Rooker-Feldman Doctrine. "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment.' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005); *citing Exxon-Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

It is abundantly clear that Plaintiff has satisfied all of the requirements for Astoria to apply the Rooker-Feldman Doctrine. Plaintiff sued Astoria in the Supreme Court of the State of New York, County of Kings on August 18, 2005. That action was dismissed by the Supreme Court by Order dated March 28, 2007. The Appellate Division, Second Department on May 27, 2008 affirmed the Supreme Court's grant of Astoria's motion to dismiss. *Brown v. Astoria Federal Sav.*, 51 A.D.3d 961, 858 N.Y.S.2d 793 (2d Dept. 2008).

In this action, Plaintiff alleges he sustained injuries caused by the state-court judgment in that the New York State Supreme Court violated his Constitutional rights by requiring *pro se* litigants to pay court fees with a bank draft instead of a check. It is undisputed that the state-court judgment was rendered before this action in the District Court commenced.

Therefore, with all the requirements satisfied to invoke the Rooker-Feldman Doctrine, Astoria should be afforded the opportunity to make a motion to dismiss to this Court based on the District Court's lack of jurisdiction to review a final judgment of a state court.

O'REILLY, MARSH & CORTESELLI P.C.

Furthermore, Astoria also seeks the opportunity to move to dismiss as a result of Plaintiff's cause of action being precluded. Collateral estoppel precludes subsequent litigation "if (1) the issue in question was actually and necessarily decided in a prior proceeding and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995).

As stated previously, plaintiff's cause of action was actually and necessarily decided in a prior proceeding and was affirmed by the Appellate Division, Second Department of New York. *Brown v. Astoria Federal Sav.*, 51 A.D.3d 961, 858 N.Y.S.2d 793 (2d Dept. 2008). Plaintiff undoubtedly had a full and fair opportunity to litigate the issue in the first proceeding. Plaintiff submitted an appellate brief to the Second Department and even sought further appeal from the New York Court of Appeals by a Notice of Motion dated June 23, 2008 after the Supreme Court decision was affirmed. The New York Court of Appeals denied Plaintiff's Motion for Leave on September 4, 2008. *Brown v. Astoria Federal Sav.*, 11 N.Y.3d 703, 894 N.E.2d 1198, 864 N.Y.S.2d 807 (2008). Clearly, Plaintiff was granted a full and fair opportunity to litigate the issue in the first proceeding before filing the instant action in this Court.

Therefore, Astoria should be afforded the opportunity to move to dismiss this action as a result of Plaintiff's cause of action being precluded by collateral estoppel.

Moreover, Astoria seeks a motion to dismiss Plaintiff's cause of action based on the Plaintiff's inability to satisfy the $75,000 amount in controversy requirement needed to bring a diversity cause of action pursuant to 28 U.S.C. 1332.

The *pro se* Plaintiff was the holder of a Certificate of Deposit ("CD") maintained at Astoria in the approximate balance of $30,00.00.

Pursuant to the terms of the CD, the maturity date was December 17, 2004. Plaintiff alleged that he communicated with Astoria via letter mailed from England requesting that the CD not be renewed on maturity

After making a telephonic inquiry with Astoria on January 5, 2005, the CD was closed out.

When Plaintiff objected to the delay in closing out the CD on January 5, 2005 instead of December 17, 2004, Astoria, in the interest of resolving the matter and without admitting any liability, credited and reimbursed Plaintiff with all return items fees ($30.00), services charges ($10.00), return check fees of a third-party bank ($50.00) and further credit his account with all accrued interest to date of withdrawal. Thus, Plaintiff was made completely whole with respect to his CD account.

It is well established that the party invoking federal court jurisdiction, here the Plaintiff, has the burden of meeting the amount in controversy to a reasonable probability. *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394 (2d Cir. 2003); *citing Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). Even though the Second Circuit has set a high bar to overcome this presumption, Astoria should be given the opportunity to move to dismiss because the Plaintiff will not be able to satisfy the amount in controversy requirement to a "reasonable probability" needed to properly bring this claim against Astoria.

It is well settled that to overcome the face of the complaint presumption of meeting the amount in controversy, the party opposing jurisdiction must show to "a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) *quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). Moreover, "the legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim." *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394 (2d Cir. 2003); *citing Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (*quoting Tongkook America, Inc.* 14 F.3d at 785).

Even with such a high bar for Astoria to meet for the complaint to be dismissed, there is to a legal certainty no way the Plaintiff can meet the amount in controversy requirement based on the allegations. Regardless of the exchange rate between the pound and the dollar used, the alleged actual losses itemized by the Plaintiff fail to reach the needed amount in controversy of $75,000.00 for the motion to dismiss to not be heard. Moreover, even providing the Plaintiff with liberal construction of establishing the requisite relief, his alleged losses fail to satisfy the amount in controversy or are purely speculative and as such Astoria should be awarded the opportunity to make a motion to dismiss.

Therefore, with the Plaintiff failing to raise a basis of federal question subject mater jurisdiction over his claim against Astoria and failing to satisfy the amount in controversy as a basis for the Court's diversity jurisdiction, Astoria should be given the opportunity to move to dismiss the Complaint as it relates to them.

II.    **The Request for an Extension of Time to Respond to the Complaint**

As explained above, in the event the Court has not deem the case already dismissed, Astoria would like to respond to the Complaint by filing a motion to dismiss. Pursuant to your Individual Practices, Astoria may not make such a motion until a pre-motion conference is held and permission to make the motion is given. Accordingly, Astoria would respectfully request that their time to respond to the

Complaint be extended from one week after the Court grants or denies the request of Astoria that they are given permission to move to dismiss.

No prior request for an extension has been made. We have not attempted to contact Plaintiff, who is litigating *pro se*, to obtain his consent to the extension, as he resides in Essex, England, has not provided either a fax number, e-mail address or domestic telephone number.

Thank you for your consideration of these matters.

Respectfully yours,

Arthur T. Walsh

cc:    Irving Brown