UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

IRVING BROWN,

                Plaintiff,

- against -

ASTORIA FEDERAL SAVINGS &
LOAN ASSOCIATION,

                Defendant.

-----------------------------------------------------------X

**ORDER**
**09-CV-234 (BMC)(LB)**

**BLOOM, United States Magistrate Judge:**

      The Court made clear that plaintiff must attend his deposition in New York when notified by defendant's counsel and set June 1, 2010 as the deadline for the parties to complete all discovery. See docket entry 30. By letter dated May 7, 2010, defendant states that it served plaintiff with discovery demands on April 9, 2010, but plaintiff has failed to respond. See docket entry 31. Defendant further states that it noticed plaintiff for his deposition in New York and plaintiff served a motion for a protective order objecting to the deposition in New York and requesting to be deposed by written questions. Id. The Court has not received any motions from plaintiff. Plaintiff is hereby ordered to respond to defendant's discovery requests by **June 17, 2010**. This is a Court Order and plaintiff must comply. The deadline for the parties to complete all discovery is hereby extended to **July 1, 2010**.

      In addition, plaintiff was informed at the initial conference and by the Court's March 23, 2010 Order that defendant would conduct his deposition in New York and that he must attend. Although plaintiff has not yet responded to defendant's discovery demands, defendant's counsel

shall again notice plaintiff for his deposition on a date certain before July 1, 2010.[1]

The Court hereby warns plaintiff that should he fail to respond to defendant's discovery demands and/or fails to attend his deposition in New York, the Court will recommend that this case should be dismissed. See Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (dismissing *pro se* plaintiff's case where plaintiff repeatedly failed to comply with the Court's orders, which warned of the possibility of sanctions, including dismissal); Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) (The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal"); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to appear at her deposition). This is plaintiff's action to vindicate his rights. The Court explicitly warned plaintiff that he would have to appear for his deposition in New York. Moreover, plaintiff must respond to defendant's discovery requests in order to proceed in this case. If plaintiff fails to respond to the outstanding discovery requests by June 17, 2010, defendant should write to request dismissal of the action under Fed. R. Civ. P. 37(b)(2)(A)(v).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: May 17, 2010
Brooklyn, New York

---

[1] Since plaintiff is living in England, it is in his interest to immediately contact defendant's counsel to arrange a date for his deposition so that he could make his travel arrangements accordingly. If plaintiff does not contact defendant's counsel by June 1, 2010 to schedule his deposition, defendant shall select the date unilaterally and notice plaintiff. Any notice to plaintiff should be sent in a manner that provides a tracking receipt.